STEPHEN E. QUAYLE, Plaintiff and Appellant, *v.* A. K. COUNTS and BLANCHE S. COUNTS, Defendants and Respondents.

No. 11763.
Submitted February 11, 1970.
Decided March 16, 1970.
466 P.2d 911.

58

Thomas E. Towe and Gerald J. Neely (argued), Billings, for plaintiff and appellant.

Arnold Huppert, Jr. (argued), Livingston, for defendants and respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an action by purchaser to recover damages for breach of a written installment contract for the sale of land or, in the alternative, for specific performance. Sellers counterclaimed for the balance due under the contract plus attorney fees, claiming default by purchaser. The district court of Park County, the Hon. Jack D. Shanstrom, district judge, entered judgment for sellers on their counterclaim and purchaser appeals.

As the issues raised upon appeal are narrow, only a brief statement of the facts is necessary. On January 28, 1965, defendants A. K. Counts and Blanche S. Counts entered into a written contract for deed with plaintiff Stephen E. Quayle. Broadly speaking, the contract provided for the sale by defendants of the Snowy Range Ranch located on the East Fork of Mill Creek, near Livingston, Montana. Plaintiff was to pay $10,000 down and make annual payments of $10,000 per year for three years, and $11,000 the fourth and final year. These annual payments were to be made to a Bank in Livingston designated as the escrow holder. Upon completion of payments, a deed to the property was to be de-

livered to plaintiff. Provisions were included in the contract covering an abstract of title, correction of title defects, taxes, fire insurance, and default. The default provisions included attorney fees for the services of the sellers' attorney.

Principal payments of $30,000 on the total purchase price of $51,000 were made by purchaser, the last being the $10,000 payment due in September, 1967. At the time of placing this last payment with the Livingston bank designated as escrow holder, the purchaser registered certain title objections and demands asking the bank not to release the money to sellers until the problem was resolved. Nonetheless the bank apparently paid out the money to the persons designated in the contract.

Shortly before the next annual payment became due, the purchaser, through his attorney, advised sellers, through their attorney, that the 1968 annual payment would be deposited by plaintiff in a special trust account in a designated Bozeman bank to be paid upon the fulfillment of certain conditions. These conditions included the recording of the contract for deed, or at least the acknowledgement of the signatures so the purchaser could record it, and clearing the title of certain alleged defects. Sellers agreed to cure any title defects other than recording the contract for deed. Additional title demands were subsequently made by purchaser as a condition to releasing the money deposited in the Bozeman bank.

Thereafter on September 12, 1968, sellers sent purchaser a written notice of cancellation of the contract for deed by reason of the purchaser's default in the payments due thereunder, giving purchaser 60 days to pay the entire balance due.

On November 21, 1968, purchaser filed the instant suit claiming damages for breach of contract by reason of sellers' failure to (1) deliver an abstract within 60 days, (2) cure alleged title defects, (3) have their signatures acknowledged so that purchaser could record the contract for deed. In the alternative, purchaser asked that sellers be compelled to specifically

perform the contract. Sellers answered by general denial, alleging a willingness and ability to cure any title defects and have the abstract brought up to date to include any curative action taken, and contending that the contract for deed did not require acknowledgement of the signatures so the instrument could be recorded. Sellers counterclaimed claiming breach of contract by buyer, default and cancellation, asking for attorney fees, costs and judicial cancellation and termination of the contract for deed.

The case was tried by Judge Shanstrom without a jury. Following trial, findings of fact, conclusions of law, and judgment was entered generally favoring defendant sellers. Judgment was entered requiring plaintiff purchaser to pay defendant sellers the sum of $22,444.33 representing the balance of principal and interest due on the contract, and attorney fees of $1,500; providing that if purchaser failed to do so by August 1, 1969, the contract was terminated with all interest in the premises to revert to sellers; providing that if purchaser paid this amount, sellers were to pay certain abstract costs; and providing that each party bear their own costs, except the attorney fees awarded to defendant sellers.

Plaintiff moved for a new trial and for modification of the findings, conclusions and judgment. After denial thereof, plaintiff appealed from the judgment and the order denying him a new trial.

Plaintiff assigns three issues for review upon appeal all of which relate to the award of attorney fees to defendants. These three issues are properly two basic issues which can be summarized as follows: (1) Did the district court err in awarding attorney fees without proof of their value and reasonableness? (2) Did the district court err in awarding attorney fees to defendants who themselves were in default of their obligations under the contract?

The first issue raised, if not frivolous, is exceedingly bizarre in the light of the facts here. Plaintiff's attorney ac-

knowledges that he agreed he would stipulate with defendants' attorney that the court could fix the amount of any attorney fees that might be awarded without defendants' producing proof of their value or reasonableness. However, he contends he was never asked to so stipulate in the record at the trial, did not do so, so the agreement never became operative. This borders on sharp practice and is not to be commended. It is perfectly clear that sellers' attorney recognized the problem, abstaining from proof on the basis of the foregoing agreement. The court proceeded to fix the amount of the attorney fees on the basis of its local court rule. The amount of the award here is reasonable and no contention is made that it is not. Under these circumstances, we will not interfere.

The second issue raised on this appeal is whether the district court committed error in awarding attorney fees to defendants who were themselves in default of their obligations under the contract. This issue, of course, is bottomed on plaintiff's contention that the sellers were in default of their own obligations under the contract by reason of their (1) failure to correct title defects, and (2) failure to have their signatures acknowledged to permit recording of the contract for deed. We note that the district court made no express finding on either point, but did make an express finding that plaintiff was in default.

Let us examine the evidence regarding the alleged default by sellers by reason of their failure to correct title defects. The contract itself provides:

"The vendor agrees to furnish for examination by the purchaser, not later than sixty days after the execution and delivery of this contract, an abstract of title for said premises, and the purchaser will, within sixty days thereafter, notify the vendor in writing of any defects in the title, and the vendor shall have a reasonable time thereafter in which to

remedy such defects or to quiet the title to the premises by an action for that purpose."

Thereafter plaintiff purchaser, through his attorney, requested the sellers, through their attorney, to correct certain alleged defects in the title, one of which was recording or acknowledging for recording, the contract for deed. Correspondence between the attorneys culminated in sellers agreeing to cure any defects, but not agreeing to record or acknowledge for recording the contract for deed. Thereafter, purchaser himself addressed a letter to the sellers setting forth a series of personal title requirements and requesting certain documents to be incorporated in the abstract of title; this letter concluded with this paragraph:

"There are additional title objections, including serious errors, which will have to be clarified as well, and as soon as we receive verification as to certain purported entries you will be notified by us and our attorneys."

Thus it is clear that even if the title requirements set forth by purchaser's attorney were remedied, purchaser himself would impose additional requirements before making the September 1968 annual payment. These personal requirements of plaintiff himself included matters relating to marriage, divorce, and heirship of one of the sellers; inclusion in the abstract of certain legal proceedings that plaintiff himself had instituted; and inclusion of various other documents in the abstract. Plaintiff's attorney tacitly admitted on oral argument that many of plaintiff's demands were not justified by his argument to the effect that his client's nonjustified demands did not excuse defendants from performing plaintiff's justified demands.

In any event, it is clear to us that the immediate curing of alleged title defects set out by plaintiff's attorney was no problem, being agreed to by sellers, but that the same would have been an idle act in view of the personal requirements imposed by plaintiff himself outside the requirements of the

contract itself or of plaintiff's attorney. The law does not require the performance of idle acts. Section 49-124, R.C.M. 1947.

Finally, purchaser contends that the sellers were in default because of their failure to have their signatures acknowledged to permit recording of the contract for deed. It is apparent that the contract itself contained no such requirement. Neither can such requirement be inferred from the conduct of the parties nor the surrounding circumstances. When the contract was signed, the signatures were not acknowledged and all parties knew it. This matter of acknowledging signatures so the contract could be recorded was simply an afterthought, belatedly raised, and contrary to customary practice in the locality.

Accordingly, because defendants were not in default under the contract for deed, plaintiff's second issue must fail.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICES JAMES T. HARRISON, MR. JUSTICES CASTLES and JOHN C. HARRISON, and the HONORABLE ROBERT C. SYKES, District Judge, sitting in place of MR. JUSTICE BONNER, concur.